# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PAMELA FORBES,**

               **Plaintiff,**

**-vs-**                                                   **Case No. 6:13-CV-1836-Orl-31GJK**

**FLORIDA DEPARTMENT OF JUVENILE JUSTICE,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)** |
| **FILED:** | **November 25, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be dismissed as frivolous.**

## I.    BACKGROUND.

    On November 25, 2013, Pamela Forbes (the "Plaintiff"), who is represented by counsel, filed a complaint (the "Complaint") against the State of Florida's Department of Juvenile Justice (the "Defendant"). Doc. No. 1. In the first paragraph of the Complaint, Plaintiff generally

makes reference to violations of Title VII of Civil Rights Act of 1991 ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (the "ADA").  Doc. No. 1 at ¶ 1.  However, the Complaint asserts only one specific count against the Defendant, which is based on an alleged violation of the ADA.  Doc. No. 1 at 3-5.

Plaintiff alleges that she is former employee of the Defendant, who became disabled as a result of a workplace industrial accident.  Doc. No. 1 at ¶¶ 11-16.  Plaintiff contends that Defendant refused to provide reasonable accommodations and ultimately terminated Plaintiff's employment based solely upon her disability.  Doc. No. 1 at ¶¶ 17-27.  Plaintiff maintains that she has suffered irreparable injuries and requests monetary damages.  Doc. No. 1 at ¶¶ 28-30.  Now before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (the "Motion").  Doc. No. 2

## II. THE LAW.

### A. The Statute and Local Rules.

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim.  *See* 28 U.S.C. § 1915.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.  Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A)  the allegation of poverty is untrue; or
>     (B)  the action or appeal --
>         (i)  is frivolous or malicious;

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

>>(ii) fails to state a claim on which relief may be granted; or
>>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings commenced *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), cases commenced *in forma pauperis* are docketed by the Clerk and then transmitted to the assigned district court judge. Local Rule 4.07 (a). The district court judge then assigns the case to a United States Magistrate Judge for the supervision and determination of all pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

**B.    Discretion Under 28 U.S.C. § 1915.**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127

---

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

(S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).[3]  Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

      C.    **Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I).**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990).  The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639.  A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*  Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329*; Battle*, 898 F.2d at 129.  Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

**III.**    <u>**ANALYSIS.**</u>

The Complaint alleges an ADA claim for monetary damages by a private individual against the Florida Department of Juvenile Justice, which is an agency of the state of Florida. *See* Doc. No. 1; §§ 20.03(11), 20.316 (Fla. Stat. 2013).  The Eleventh Amendment to the United

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

States Constitution is an absolute bar to ADA claims for monetary damages commenced by private individuals against state agencies in federal court. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-74 (2001); *Stephens v. Ga. Dep't of Transportation*, 134 Fed.Appx. 320, 324 (11th Cir. May 31, 2005) (unpublished) (same); *Green v. Duval County Health Department*, 2005 WL 3158047 at *1-2 (M.D. Fla. Nov. 28, 2005) (same).  Thus, the Eleventh Amendment prohibits Plaintiff's suit against Defendant for monetary damages under the ADA in federal court. *Id*.   Accordingly, it is **RECOMMENDED** that the Court:

   1. **DENY** the Motion (Doc. No. 2);

   2. **DISMISS** the case as frivolous; and

   3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report on or before December 23, 2013 shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on December 2, 2013.

_____
THE HONORABLE PAUL A. ZOSS
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge